# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT BROWN, executor of the<br>ESTATE OF FRED H. BROWN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 2:18-cv-00104** |
| v. | ) | |
| | ) | |
| NANNETTE BROWN, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

The Estate of Fred H. Brown ("Estate") brings this action to collect on a Promissory Note with Nannette Brown, who has filed a motion to dismiss.  She believes dismissal is required because the Estate did not have the right to enforce the Promissory Note when this case was filed and enforcement is now precluded because the statute of limitations has expired. (Doc. No. 45). She is correct.

This case was filed on December 17, 2018, one day before the tenth anniversary of the Promissory Note dated December 18, 2008.  (Doc. No. 1 ¶ 8).  The Promissory Note reflects the agreement of Fred Brown to make a loan of $940,000.00 to MS. Brown.  (Id. ¶ 10).  Mr. Brown thereafter assigned the Promissory Note to First National Bank of Tennessee ("Bank") to obtain a loan for himself and his wife.  (Doc. No. 43 ¶ 24 (Third Amended Complaint)).  Mr. Brown's obligation to the Bank was active when he passed away on February 11, 2018, until his Estate paid the outstanding balance and the obligation was released on December 4, 2018.  See id. ¶¶ 26–29; Exhibit 7, Third Amended Complaint, (Doc. No. 43-7).  The Estate then commenced this action. (Doc. No. 1 ¶ 8).

While this case was pending, the Bank executed an allonge to the Promissory Note, dated July 31, 2019, making it payable to the Estate. Exhibit 9, Third Amended Complaint, (Doc. No. 43-9). Then, on September 13, 2019, the Bank executed a second allonge releasing the Promissory Note and assigning it to the Estate "effective October 3, 2018." Exhibit 10, Third Amended Complaint, (Doc. No. 43-10).

In considering the motion, the Court has viewed the complaint in the light most favorable to the Estate, accepted as true the allegations in the Third Amended Complaint, and made all reasonable inferences in favor of the Estate. Cagayat v. United Collection Bureau, Inc., 952 F.3d 749, 753 (6th Cir. 2020). The Estate must plead factual allegations that, accepted as true, state a claim to relief that is plausible on its face and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[A] legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (internal quotations omitted). Additionally, if an exhibit "plainly contradicts the pleadings," the exhibit "trumps the allegations." Jones v. Select Portfolio Servicing, Inc., 672 F. App'x 526, 531 (6th Cir. 2016) (quoting Creelgroup, Inc. v. NGS Am., Inc., 518 F. App'x 343, 347 (6th Cir. 2013)).

The Promissory Note that the Estate seeks to enforce against Ms. Brown is a negotiable instrument governed by Article 3 of the Tennessee Uniform Commercial Code – Negotiable Instruments. Tenn. Code Ann. §§ 47-3-103(b) and 47-3-104. As pertinent here, a negotiable instrument may be enforced by "the holder of the instrument." Tenn. Code Ann. § 47-3-301; J & B Invs., LLC v. Surti, 258 S.W. 3d 127, 137 (Tenn. Ct. App. 2007). The Code defines a holder as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." Tenn. Code. Ann. § 47-

2

1-201(20). "If the holder makes an endorsement that identifies a person to whom it makes the instrument payable, it is a 'special endorsement.' When specially endorsed, an instrument becomes payable to the identified person and may be negotiated." Whitmore v. Green Tree Servicing, LLC, 658 F. App'x 793, 797 (6th Cir. 2016). A promissory note can be assigned to another person or entity who then has the right to enforce the note. Thompson v. Bank of America, 773 F.3d 741, 749 (6th Cir. 2014) (applying Tennessee law).

When the Estate filed this case on December 17, 2018, the Bank was the holder by virtue of Mr. Brown's assignment as part of his loan from the Bank. After his passing, the Bank then made a claim on the Estate that was paid because the loan was outstanding, and the Bank was the holder of the Promissory Note. (Doc. No 43 ¶¶ 28–29). After the Estate satisfied the Bank's claim, Mr. Brown's loan obligation was released. However, the Bank continued to possess the Promissory Note because on July 31, 2019, the Bank made a special endorsement to the Estate, which entitled the Estate to any payments by Ms. Brown. It was not until September 13, 2019, that the Bank, still in possession of the Promissory Note, released it and assigned it to the Estate. On that date, the Estate became the holder with legal authority to enforce the Promissory Note against Ms. Brown, but by September 13, 2019, the statute of limitations to collect on the Promissory Note had expired.

Prior to September 13, 2019, the Estate had no right to enforce the Promissory Note, so when it filed this case on December 17, 2018, it did not and could not toll the running of the statute of limitations. See 51 Am. Jur. 2d Limitation of Actions § 229 at (Aug. 2020) ("an attempt to commence an action, when doing so is barred by a statute, does not toll a statute of limitations"). On the tenth anniversary of the Promissory Note was December 18, 2018 enforcement

3

opportunities evaporated forever. Tenn. Code Ann. § 47-3-118(b); Hobbs v. Brainard, 919 S.W. 2d 337, 338 (Tenn. Ct. App. 1995)

The Promissory Note became worthless on December 18, 2018, by expiration of the limitations period. When the Bank assigned the Promissory Note on September 13, 2019, and the Estate became the holder, the Bank had nothing to give. See In re Butcher, 79 B.R. 741, 744 (Bankr. E.D. Tenn. 1987) ("As a general rule, an assignee of a chose in action takes the same subject to all defenses available against the assignor at the time of the assignment."); Tenn. Code Ann. § 47-3-203 ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument").

The Estate cannot avoid operation of statute of limitation because the Bank made its September 13, 2019 assignment of the Promissory Note "effective October 3, 2018." (Doc. No. 43-10). This result obtains because Tenn. Code Ann. § 47-3-118(b) bars any legal action to enforce a promissory note if there has been no payment for ten years. Such is the case here because the Estate alleges that Ms. Brown "has not made a single payment on said" Promissory Note since December 18, 2008. (Doc. No. 43 ¶ 31). On December 18, 2018, the right to enforce the Promissory Note was lost forever because no one with enforcement rights made a timely demand for payment.

For the above reasons, Ms. Brown's Motion to Dismiss (Doc. No. 45) will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4