UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GORDON A. BYARS, Administrator Ad Litem of the ESTATE OF FRED H. BROWN, | ) ) ) ) |
| Plaintiff, | ) No. 2:18-cv-00104 |
| v. | ) ) ) |
| NANNETTE BROWN, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Estate of Fred H. Brown's ("Estate") Amended Fed. R. Civ. P. 59(e) Motion to Alter or Amend the Judgment. (Doc. Nos. 57, 59). Previously, the Court dismissed this case under Fed. R. Civ. P. 12(b)(6) because the statute of limitations for the Estate to collect on a Promissory Note had expired. (Doc. Nos. 49, 50). The Estate now requests that the Court reverse its Order granting Defendant, Nanette Brown's Motion to Dismiss. (Id.). Defendant has filed a response in opposition. (Doc. No. 63). For the following reasons, the Court will deny the Estate's Motion to Alter or Amend the Judgment.

As a preliminary matter, the Court recognizes that since its initial Order, there is a new representative for the Estate, along with new counsel. (Doc. No. 52). However, that change is not a basis for relitigating a case and altering a judgment. Rule 59(e) is closely prescribed, as the Supreme Court recently explained:

> The Rule gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). In keeping with that corrective function, "federal courts generally have used Rule 59(e) only" to "reconsider matters properly encompassed in a decision on the merits." Id. at 451. In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal

Practice and Procedure § 2810.1, pp. 163–164 (3d ed. 2012); accord, Exxon Shipping Co. v. Baker, 554 U.S. 471, 485–486 & n.5 (2008) (quoting prior edition). The motion is therefore tightly tied to the underlying judgment.

Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (internal citations omitted).

Additionally, the Court rejects each of the Estate's four arguments for altering or amending the judgment. Rule 59(e) permits the Court to "alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)). None of these grounds are present here. The Court will address each of the Estate's arguments in turn.

First, the Estate argues that it was entitled to enforce the Note after the Bank assigned it back. (Doc. No. 60 at 10). In support, it cites cases for the proposition that, in lieu of physical possession to qualify a party as the holder, a promissory note can also be enforced by "an assignee [who] ha[s] the rights of the assignor." Piper v. Goodwin, 20 F.3d 216, 219 (6th Cir. 1994) (evidence of pre-litigation assignment); Daee v. JP Morgan Chase Bank, N.A., No. 3:13-cv-1332, 2014 WL 5107050, at *3–4 (M.D. Tenn. Oct. 10, 2014) (material dispute of fact regarding whether assignment occurred within the statute of limitations); Martin v. Martin, 755 S.W.2d 793, 795–96 (Tenn. Ct. App. 1988) (testimony demonstrated no dispute among interested parties that plaintiff received a valid assignment). However, the instant case differs from these cases in one important respect: there was no timely assignment pled. Unlike in Piper, Daee, and Martin, the Estate in this case did not plead facts that it was entitled to enforce the Note within the ten year statute of limitations. "[A] motion to dismiss for failure to state a claim . . . can be granted under Fed. R. Civ. P. 12(b)(6) when the complaint shows on its face that the limitations period has run[.]" GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 101 (2d Cir. 2019) (quoting Avco Corp.

v. Precision Air Parts, Inc., 676 F.2d 494, 495 (11th Cir. 1982)) (internal citations omitted). Accordingly, the Court finds that its prior dismissal was appropriate on this ground.

Second, the Estate argues that the subsequent assignment by the Bank in September 2019 satisfies the statute of limitations because it relates back to the filing of the original complaint. (Doc. No. 60 at 15–16); see also Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). Yet, while pleadings themselves may relate back to permit the *filing* of an amended complaint, the amended pleadings here did not provide that the Estate had the authority to enforce the Note within the statute of limitations. The Estate has shown no clear error in the Court's conclusion that, "the Estate had no right to enforce the Promissory Note, so when it filed this case on December 17, 2018, it did not and could not toll the running of the statute of limitations." (Doc. No. 49 at 3). As another district court has explained:

> standing to sue for infringement exists in the case of a retroactive assignment only if a party comes forward with evidence necessary to establish that [the] assignment . . . took place before the lawsuit was filed. . . . [Plaintiff] is simply wrong in assessing that an amendment which relates back to the original date of filing cures any standing problems. It does not. If "the charming utility of the *nunc pro tunc* device cannot obscure its outright fiction[,]" Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 840 (1989) (Kennedy, J., dissenting), then an amendment of the pleadings cannot rewrite history and cure a standing defect.

Fabpro Oriented Polymers, Inc. v. McCormick, No. 1:01-cv-111, 2002 U.S. Dist. LEXIS 9224, at *18–19 (W.D. Mich. May 7, 2002) (reviewing enforcement of patent infringement claim). Thus, the Court is not persuaded by the Estate's relation back argument.

Third, the Estate argues that it should be allowed leave to amend to join the Bank as the real party in interest pursuant to Fed. R. Civ. P. 15 and 17 to provide it standing (Doc. No. 60 at 18–20). But this argument is well past the reasonable time to, yet again, amend the complaint. See

3

Dean v. City of Bay City, Mich., 239 F. App'x 107, 111 (6th Cir. 2007) (a motion for reconsideration to raise a new claim, relying upon Fed. R. Civ. P. 15(a) is not appropriate when there is "evidence of delay, prejudice, or futility"). The Defendant's challenge to the Estate's standing to enforce the Note occurred early in this case. Indeed, Ms. Brown raised a standing argument in her initial motion to dismiss, (See Doc. No. 15), prompting Plaintiff to file a first, a second, and a third amended complaint, without ever endeavoring to join the Bank. (Doc. Nos. 19; 29-1; 43). The Estate's argument seeking reconsideration to amend its complaint yet again and add the Bank as a party is too late and would result in prejudice to Ms. Brown. See Dean, 239 F. App'x at 111 (denying motion for reconsideration to add new claims after dispositive motions were filed and judgment had been entered). Moreover, a Rule 59(e) motion is not a vehicle "to raise arguments which could, and should, have been made before judgment issued." Leisure Caviar, 616 F.3d at 616 (quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)).

Finally, the Estate argues that applying the statute of limitations and dismissing the case would create a manifest injustice by allowing Ms. Brown to retain approximately one million dollars received under the Note. (Doc. No. 60 at 22). The source of Plaintiff's frustration is the Tennessee General Assembly's imposition of a ten-year statute of limitations to bring actions to enforce unpaid promissory notes. See Tenn. Code Ann. § 47-3-118; see also Smith v. United States, 568 U.S. 106, 112 (2013) ("A statute-of-limitations defense . . . reflects a policy judgment by the legislature[.]"). The Court's application of the statute of limitations is no "manifest injustice."

For the foregoing reasons, the Court finds that Plaintiff has not shown a "clear error of law" or a "manifest injustice," such that the Court's prior Order should be altered or amended.

4

Accordingly, the Estate's amended Rule 59 Motions (Doc. Nos. 57 and 59) are **DENIED** and this action remains **CLOSED**.

    IT IS SO ORDERED.

                                                          */s/ Waverly D. Crenshaw, Jr.*
                                                          WAVERLY D. CRENSHAW, JR.
                                                          CHIEF UNITED STATES DISTRICT JUDGE